# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:21-cv-2427_____

**DOUGLAS BRUCE**, an Individual,

     Plaintiff,

v.

**CITY OF COLORADO SPRINGS**, a municipal government within the State of Colorado,
**PIKES PEAK REGIONAL BUILDING DEPARTMENT**, an intergovernmental agency
within the State of Colorado,
**ROGER LOVELL**, in his official capacity as the Director of the Pikes Peak Regional Building
Department,
**EL PASO COUNTY**, a municipal government within the State of Colorado, and
**MARK LOWDERMAN**, in his official capacity as the **EL PASO COUNTY PUBLIC
TRUSTEE**,

     Defendants.

---

## COMPLAINT

---

     Plaintiff Douglas Bruce, by and through undersigned counsel of record, hereby complains

against Defendants City of Colorado Springs, Pikes Peak Regional Building Department, Roger

Lovell, in his official capacity as the Director of the Pikes Peak Regional Building Department,

El Paso County, and Mark Lowderman, in his official capacity as the El Paso County Public

Trustee (collectively, "Defendants"), and requests relief as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Douglas Bruce ("Plaintiff") is an individual who resides in El Paso County, Colorado.

2.      Defendant City of Colorado Springs ("Colorado Springs")  is a governmental entity created and functioning pursuant to Colorado statutes and governing the geographical area known as Colorado Springs, Colorado.

3.      Defendant Pikes Peak Regional Building Department ("PPRBD") is an intergovernmental agency created and functioning pursuant to Colorado statutes and is responsible for issuing building permits in the greater El Paso County, Colorado area.

4.      Defendant Roger Lovell ("Mr. Lovell"), in his official capacity, is the Director of the PPRBD, and upon information and belief, resides in El Paso County, Colorado.  Mr. Lovell is responsible for the creation and enforcement of PPRBD's unconstitutional scheme alleged herein.

5.      Defendant El Paso County ("El Paso County") is a governmental entity created and functioning pursuant to Colorado statutes and governing the geographical area known as El Paso County, Colorado.

6.      Defendant Mark Lowderman, in his official capacity, is the El Paso County Public Trustee (the "Public Trustee"), and upon information and belief, resides in El Paso County, Colorado.

7.      Jurisdiction is proper in this Court under, inter alia, 42 U.S.C. §§ 1983, 1988 as well as 28 U.S.C. § 1343, and arises in order to enforce provisions of the United States

Constitution.  Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8.     The Court has supplemental jurisdiction of any state law claim under 28 U.S.C. § 1367.

9.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the misconduct of Defendants occurred in Colorado and the Defendants reside in and/or their principal places of business are located in Colorado.

10.     At all times pertinent to this action, Defendants were acting under color of state law as political subdivisions of the State of Colorado or employees thereof, with powers vested in it by the State of Colorado, and within the scope of their authority granted by Colorado State law, as well as municipal ordinances, policies, practices, and/or procedures.

11.     Defendants' conduct as complained herein was pursuant to and in apparent conformity with the rules, customs, regulations, ordinances, policies, and practices of Colorado Springs and/or El Paso County.

## GENERAL ALLEGATIONS

12.     Plaintiff is the holder of a note (the "Note") which is secured by a recorded deed of trust (the "Trust Deed"), recorded on the parcel of real estate with a street address of 1326-28 W. Kiowa Street in Colorado Springs (the "Property").

13.     In 2016, Plaintiff sold the Property to a company named Renovation Management Group 106, LLC ("Renovation Management").  At the time of the sale, an empty fourplex

apartment building stood on the Property.  The building had "grandfathered" rights because it was built before zoning laws and on an irregular lot.

14.     The Note and Trust Deed were recorded at the time of the sale to Renovation Management.

15.     Despite an extension on the repayment date for the Note, Renovation Management defaulted on the Note and Plaintiff subsequently petitioned the Public Trustee to foreclose on the Trust Deed.

16.     A public sale for the Property was set on November 7, 2018.  Plaintiff attended the sale, and bid the amount of his lien, which was just over $100,000.00.  There were no other bidders, and Plaintiff was declared the winner of the audition and entitled to a trustee's deed.

17.     However, the Public Trustee later learned that one of the individual owners of Renovation Management, Joseph Graeve ("Mr. Graeve"), had electronically filed for bankruptcy the night before the sale. Neither Plaintiff nor the Public Trustee were informed of the bankruptcy filing before the November 7, 2018 sale.

18.     Notably, Mr. Graeve specifically exempted the Property from his bankruptcy filing the Property, and Renovation Management, the LLC that actually owned the Property, did not file for bankruptcy.

19.     However, as a result of Mr. Graeve's bankruptcy filing, the Public Trustee refused to enter the trustee's deed, which would have transferred title of the Property to Plaintiff, notwithstanding the fact that it was Mr. Graeve, not Renovation Management, who was the party that had filed bankruptcy.

20.     Mr. Graeve's bankruptcy ultimately concluded on or about September 13, 2019, when the Bankruptcy Court for the District of Colorado issued an Order of Discharge (the "Order of Discharge"), which expressly by its terms permitted a creditor with a lien to enforce a claim against the debtor's property subject to the lien, unless the debt was avoided or eliminated.

21.     Renovation Management's debt to Plaintiff was not avoided or eliminated in Mr. Graeve's bankruptcy.

22.     Plaintiff immediately notified the Public Trustee of the entry of the Order of Discharge and requested that the Public Trustee perform the ministerial deed of entering a trustee's deed awarding the Property to Plaintiff pursuant to the November 7, 2018 trustee's sale.

23.     The Public Trustee, through his deputy, then informed Plaintiff that the Public Trustee could not issue the requested trustee's deed as it was then within 50 days of the one-year anniversary of the trustee's sale.

24.     The Public Trustee refused to complete the foreclosure even though the Order of Discharge specifically permitted a creditor with a lien to enforce that lien, and even though state law or policy of the Public Trustee cannot override a federal bankruptcy court order.

25.     Plaintiff was informed by this deputy that a new Colorado state law had recently been passed that required any trustee's deeds to be issued no later than 50 days from the one-year anniversary of the trustee's sale.

26.     To date, the Public Trustee has refused to take the ministerial steps required to process Plaintiff's foreclosure.

27.     In the meantime, the record owner of the Property, Renovation Management, began a series of construction projects on the Property, including removing the roof, siding, and porch deck in December 2017.  Renovation Management did not finish the construction projects which left the Property in a state of disrepair and created an alleged attractive nuisance.

28.     In early 2018, Plaintiff requested that Colorado Springs fence off the building to protect it from trespassers.

29.     In January 2019, PPRBD issued a notice of dangerous building and sent a copy to Plaintiff.  Plaintiff told PPRBD that he was ready to do the required repairs to secure the openings created by Renovation Management, as he was entitled to do under the terms of the mortgage and lien on the Property.

30.     PPRBD's response was to issue a series of requirements before Plaintiff could make the repairs necessary to secure the building.  Each time Plaintiff complied with one of PPRBD's requirements, a new unreasonable and unnecessary burden was imposed by PPRBD.

31.     Eventually, PPRBD required that Plaintiff completely remodel or renovate the building to put it in "move in" condition, before PPRBD would issue Plaintiff the building permit Plaintiff needed simply to secure the building from the alleged attractive nuisance created by Renovation Management.

32.     PPRBD therefore has a policy, practice, procedure, or custom of requiring property owners to bring empty buildings into "move in" condition, the standards for which appear to be completely at the whim of PPRBD, as opposed to allowing property owners and

lienholders to repair and end any alleged public nuisance and otherwise own or secure an empty building as provided in a recorded deed of trust.

33.     Plaintiff was informed during these proceedings that PPRBD would never issue any permit to Plaintiff, period.  On a visit to the PPRBD permits desk, Plaintiff and his contractor heard the PPRBD desk employee read aloud a secret computer memorandum from Mr. Lovell, ordering that "NO" permit be issued on the Property.

34.     Plaintiff has repeatedly requested a copy of this memorandum, and PPRBD, at the direction of Mr. Lovell, has steadfastly refused to provide it to him.  The memorandum is a public record and should be subject to disclosure upon request.

35.     Plaintiff has a constitutional right to own, secure, or repair an empty building under a lien, and Defendants' actions described herein violate those rights as they exist under the Fifth and Fourteenth Amendments to the United States Constitution.

36.     Plaintiff's Note and Trust Deed on the Property are property interests protected by the Fifth and Fourteenth Amendments to the United States Constitution.

37.     After Defendants refused to allow Plaintiff to make the repairs necessary to secure the Property, they began administrative efforts to demolish the building on the Property.

38.     Plaintiff was promised by Colorado Springs that he would have at least five business days notice of any effort by Defendants to demolish the building on the Property.

39.     Notwithstanding this contractual agreement, Colorado Springs demolished the building on the Property without any notice to Plaintiff in June 2021.

40.     In destroying the building, and attaching over $55,000 in demolition costs and fines to the Property, Defendants have eliminated all of the equity in the Property that rightfully belonged to Plaintiff and made the Property virtually unsaleable.

41.     In doing so, Colorado Springs passed an ordinance without adequate, lawful notice, targeted to seize Plaintiff's equity in the Property which serves as a bill of attainder with only one victim.

42.     The acts of Defendants alleged herein were political retaliation for Plaintiff's past electoral success in passing a city and a statewide tax limitation ballot issue.

43.     The aforementioned activities constitute an unconstitutional taking under the 5th and 14th Amendments of the United States Constitution.  All or nearly all of Plaintiff's equity was taken through this scheme, and he has not received any compensation for the same.

44.     As explained above, the Note and Trust Deed were recorded in 2016, giving it legal priority over any liens or encumbrances filed after that date as a matter of permanent state law.

45.     However, Colorado Springs has enacted an ordinance, or created a policy, custom, practice, or procedure, which allows it to assert priority over other earlier-filed liens when it is attempting to collect on the types of fines and fees it has attached to the Property, without any way for Plaintiff to challenge the same.

46.     Indeed, Plaintiff has requested documentation from Colorado Springs to evidence the amounts claimed by the city against the Property, and Colorado Springs has refused to provide any receipts, invoices, bids, contracts, or other documents to prove the amount of its

claim.  Colorado Springs agreed to furnish its documentation, but never did so.  A five-figure

sum was listed on the paperwork in what could only be described as equivalent to

"miscellaneous."

47.     In this way, the Colorado Springs ordinance unconstitutionally impaired

Plaintiff's contracts and violated due process.

48.     This ordinance has the apparent authority of state law under Colorado statutes.

The ordinance purports to override state law on lien priority, and thus alter the constitutional

definition of property.

49.     This ad hoc ordinance, the policy the PPRBD refusing to issue permits to

mortgagors permitting them to secure an empty building as opposed to fully renovating it to

"move in" condition, and the Public Trustee's refusal to complete the foreclosure, do not advance

a legitimate public purpose. Instead, they allow Defendants to enrich themselves at the expense

of unsuspecting lienholders and otherwise to exercise control over the development and

disposition of real estate far beyond what is required to address any legitimate public concerns.

50.     By the conduct of Defendants described herein, Plaintiff has been damaged in an

amount to be proven at trial, but not less than $1.5 million per Defendant.  Plaintiff has been a

real estate investor for 46 years (35 in his home city).  Defendants' actions were malicious,

detrimental to Plaintiff's political and business reputation, and intimidating to Plaintiff's future

business ventures.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF PROPERTY UNDER FIFTH AMENDMENT RIGHTS
## AGAINST DEFENDANT COLORADO SPRINGS

51.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

52.     Colorado Springs maintains certain policies, practices, customs, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines against real property and then place any lien in connection with the same ahead of the liens that may be held by other parties, such as Plaintiff.

53.     The ordinance also illegally attempts to lien all of Plaintiff's other Colorado and out of state property, real and personal, until paid and also purports to exempt itself from federal bankruptcy laws and state lien priority laws.

54.     As a result of this policy, practice, custom, or procedure, Colorado Springs has unlawfully deprived Plaintiff of his private property as alleged herein and will be proven at trial.

55.     These ordinances, in conjunction with the excessive and unconstitutional fees and fines it has granted itself the permission to issue, do not advance a legitimate public purpose, but instead exist as a method for Colorado Springs to enrich itself at the expense of unsuspecting property owners and prior, senior lienholders.

56.     Colorado Springs is subject to the Fifth Amendment's prohibition against unconstitutional deprivation of property and denial of substantive and procedural due process pursuant to the Fourteenth Amendment to the United States Constitution.

57.     Colorado Springs has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

58.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, treble damages, and attorney fees based on Colorado Springs' violation of his constitutional rights.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION ON EXCESSIVE FINES AGAINST DEFENDANT COLORADO SPRINGS

59.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

60.     Colorado Springs issued massively excessive and unconstitutional fines against the Property, including an unexplained five-figure charge for unnecessary demolition costs.

61.     Due to the sheer size of the accumulated fines, and the fact that they were incurred unnecessarily, they cannot be viewed to be remedial in nature.  The fines levied against the Property therefore constitute a punishment as that term is understood in the context of the Eighth Amendment.

62.     These fines were imposed by Colorado Springs, a municipal governmental entity.

63.     As alleged herein and will be proved at trial, these fines consumed most if not all of the equity in the Property, which rightfully belonged to Plaintiff.

64.     Plaintiff was therefore forced by operation of law to lose his entire equity through these fines and fees.  Plaintiff was not allowed meaningfully to participate in or object to the issuance of these fines; this sham was itself a gross denial of due process of law.

65.     The amount of the fines, their accumulation, and the fact that they were incurred unnecessarily and contrary to promises made by Colorado Springs to Plaintiff, all demonstrate that the fines were excessive and unconstitutional under the Eighth Amendment of the United States Constitution.

66.     Colorado Springs is subject to the Eighth Amendment's prohibition against unconstitutional deprivation of property pursuant to the Fourteenth Amendment to the United States Constitution pursuant to *Timbs v. Indiana*, 139 S. Ct. 682 (2019).

67.     Colorado Springs has violated Plaintiff's rights under the Eighth Amendment of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

68.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, treble damages, and attorney fees based on Colorado Springs' violation of his constitutional rights.

### THIRD CAUSE OF ACTION
### VIOLATION OF PROCEDURAL DUE PROCESS--FOURTEENTH AMENDMENT AGAINST DEFENDANT COLORADO SPRINGS

69.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

70.     As the holder of the Note and Trust Deed, Plaintiff has a legitimate property interest therein.

71.     As alleged herein, Plaintiff's property interest in the Note and Trust Deed was abridged, under the color of state law, without appropriate due process.

72.     Colorado Springs maintains certain policies, practices, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines against real property and then place a lien ahead of liens that may be held by other parties, such as Plaintiff.

73.     As a result of this policy, practice, custom, or procedure, Colorado Springs has unlawfully deprived Plaintiff of his private property and denied him his substantive and procedural due process rights as alleged herein and will be proven at trial.

74.     As such, Colorado Springs has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

75.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, treble damages, and attorney fees based on Colorado Springs' violation of his constitutional rights.

## FOURTH CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS
## AGAINST ALL DEFENDANTS

76.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

77.     As the owner of the Trust Deed and Note, he has a legitimate property interest therein which is deserving of protection under substantive due process.

78.     As alleged above and as will be proven at trial, Defendants have acted in an arbitrary and capricious manner with respect to Plaintiff's rights in the Property, including by issuing excessive and unconstitutional fines which Plaintiff had no ability to challenge,

unreasonably refusing to issue required building permits, and refusing to complete the foreclosure he was entitled to complete, all to the total detriment of Plaintiff.

79.     As a result of these policies, practices, customs, or procedures, Defendants have unlawfully deprived Plaintiff of his private property and denied him his substantive and procedural due process rights as alleged herein and will be proven at trial.

80.     These ordinances do not advance a legitimate public purpose, but instead exist as a method for Colorado Springs to enrich itself at the expense of unsuspecting property owners and prior lienholders, and for the other Defendants to maintain control over the development and disposition of real property far beyond what is required to address any legitimate public concerns.

81.     These actions are outrageous and of such a magnitude, i.e., 100% of the value of Property, that it truly shocks the conscience, meriting treble and/or punitive damages.

82.     As such, Defendants have violated Plaintiff's substantive due process rights under the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

83.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, treble damages, and attorney fees based on Defendants' violations of his constitutional rights.

**FIFTH CAUSE OF ACTION**
**IMPAIRMENT OF CONTRACT AGAINST ALL DEFENDANTS**

84.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

14

85.     Due to the adoption of illegal and unconstitutional policies, practices, procedures, and customs alleged herein, Defendants have impaird the contractual rights of Plaintiff as a holder of the Note and Trust Deed on the Property, in violation of Article 1, Section 10 of the United States Constitution.

86.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, treble damages, and attorney fees based on Defendants' violation of his constitutional rights.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST DEFENDANT COLORADO SPRINGS

87.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

88.     Colorado Springs agreed and contracted with Plaintiff that he would be provided at least five business days notice before any demolition of the building on the Property would commence by email sent from the City Engineer to Plaintiff.

89.     Colorado Springs breached this contract with Plaintiff when it demolished the building on the Property without providing Plaintiff with the required notice.

90.     Plaintiff has performed his obligations under the contract, and to the extent he has not, performance has been excused.

91.     Plaintiff has been damaged by Colorado Springs' breach of contract in an amount to be proven at trial.

WHEREFORE, Plaintiff requests relief as follows:

92.     On his first, second, third, fourth, and fifth causes of action, for damages, including actual, punitive, compensatory, treble, and special damages in an amount to be proven at trial but not less than $1.5 million per Defendant, plus attorney fees, court costs, and costs of litigation;

93.     On his sixth cause of action, damages in an amount to be proven at trial, but not less than $500,000.00, plus attorney fees, court costs, and costs of litigation;

94.     On all causes of action, for actual, compensatory, statutory, punitive, exemplary, or other damages of any kind or type to which he is entitled; for an award of attorney fees, court costs, and costs of litigation; for a declaratory judgment or order declaring that Defendants' conduct as described above violated the constitutional rights of Plaintiff as protected by the United States Constitution; for a declaratory judgment or order declaring the relevant local ordinances, policies, and procedures facially unconstitutional and as applied to Plaintiff, declaring any actions taken by Defendants void *ab initio*; for a declaratory judgment or order restoring the "grandfathered" status of the Property to allow the building of fourplex consistent with the building that was demolished; for a declaratory judgment or order requiring the Public Trustee to complete the foreclosure of the Property; for a declaratory judgment or order declaring the purported Colorado Springs ordinance to lien Plaintiff's deed of trust and underlying real property as void and to be removed from all public records; and for any other and further relief to which Plaintiff may be entitled under law or equity and which the Court may find just and appropriate under the circumstances; and

95.     For an award of attorney fees and court costs under 42 U.S.C. § 1983 and § 1988.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on any claims so triable.

DATED this 8th day of September, 2021.

NONPROFIT LEGAL SERVICES OF UTAH


   /s/ Aaron C. Garrett
***Nathan R. Garcia***
***Aaron C. Garrett***
NONPROFIT LEGAL SERVICES OF UTAH
623 East 2100 South, Suite B1
Salt Lake City, Utah 84106
Tel: (385) 419-4111
Fax: (801) 401-3504
Email: nathan@nonprofitlegalservices.com
Email: aaron@nonprofitlegalservices.com
*Attorneys for Plaintiff Douglas Bruce*